## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, # B-62251 | ) |
|                     Plaintiff, | ) |
| vs. | ) CIVIL NO. 11-14-GPM |
| CAROL BLACKMAN, and CLAUDIA KACHIGIAN | ) |
|                     Defendants. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on remand from the United States Court of Appeals for the Seventh Circuit (Doc. 34). Plaintiff initially filed this lawsuit on January 7, 2011, and sought leave to proceed *in forma pauperis* ("IFP") in this case without prepayment of the Court's usual $350.00 filing fee in a civil case. (*See* Docs. 1,2).

In general, 28 U.S.C. § 1915 allows a federal court to permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court may take judicial notice of matters of public record. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). In an Order denying Plaintiff's motion for leave to proceed IFP, Judge Gilbert cited to three "strikes" the Plaintiff has incurred within the meaning of § 1915, and which are all matters of public record (Doc. 9). Judge Gilbert concluded that Plaintiff was not under imminent danger of serious physical injury so as to escape the "three strikes" rule of § 1915, and therefore denied Plaintiff's motion for leave to proceed IFP (Doc. 9). Plaintiff was then ordered to pay the full filing fee by a date certain (Doc. 9). Plaintiff failed to pay the filing fee in full as ordered, so Judge Gilbert dismissed the case without prejudice (Doc. 15).

Plaintiff appealed. On appeal, the Court noted that there are two ways to view Plaintiff's act of injuring himself as it relates to Plaintiff's claim of imminent danger (Doc. 34). The first is to view Plaintiff's self-inflicted injuries as a tactic to obtain attention from jailers or cause problems for the jailers (Doc. 34). A second alternative posited by the Court is to consider Plaintiff's injuries to himself as a result of mental illness (Doc. 34). If the second alternative is true, Plaintiff is entitled to litigate IFP, without prepayment of the Court's usual $350.00 filing fee (Doc. 34). The Court remanded with instructions to receive evidence and make findings relevant to Plaintiff's IFP status (Doc. 34). On January 19, 2012, this case was transferred to the undersigned district judge for all future proceedings.

The Court finds that Plaintiff's act of inflicting injury upon himself is a strategic tactic designed to obtain attention from his jailers. In support of this conclusion, the Court finds the following relevant facts:

1. Plaintiff, Anthony Gay, is currently incarcerated at Tamms Correctional Center ("Tamms"). *Offender Search: Inmate Search*, ILLINOIS DEPARTMENT OF CORRECTIONS,

        http://www2.illinois.gov/IDOC/OFFENDER/Pages/InmateSearch.aspx (last visited Oct. 3, 2012).

2. Plaintiff has been incarcerated at various locations within the Illinois Department of Corrections since 1994 (Doc. 73, *Transcript of Evidentiary Hearing*, p. 4).

3. Plaintiff began inflicting injury upon himself by cutting himself in 1998 (Doc. 73, p. 42).

4. In 1998, Plaintiff witnessed a fellow inmate purposefully cut himself and subsequently receive care and compassion from prison staff as a result of the wounds (Doc. 73, p. 42-43).

5. After Plaintiff witnessed this incident, Plaintiff began cutting himself in an attempt to obtain care and treatment from prison staff (Doc. 73, p. 42-43).

6. The sole reason Plaintiff began cutting himself is for the purpose of receiving care and compassion from prison staff (Doc. 73, p. 42-43).

7. Prior to cutting himself, Plaintiff announces his intention to cut himself (Doc. 73, p. 43).

8. Plaintiff's announced intention is often coupled with a demand by Plaintiff that prison staff accede to or comply with Plaintiff's demand or else he will cut himself (Doc. 73, p. 43).

9. Plaintiff currently inflicts injury upon himself for the purpose of obtaining care and attention from prison staff members (Doc. 73, p. 45). Plaintiff, himself stated the "reason a lot of time I do it because I want attention. I want to come out the cell and I want to engage with people." (Doc. 73, p. 45, line 11-14).

10. Although Plaintiff states that he does not cut himself unless he is angry or agitated, Plaintiff specifically acknowledges that he knows how to make himself angry and agitated (Doc. 73, p. 45).

11. Plaintiff demands that certain people provide him therapy and treatment after he cuts himself (Doc. 73, p. 46). Plaintiff refuses therapy and treatment if the specified individuals do not subsequently show up to treat Plaintiff's wounds (Doc. 73, p. 46).

12. Indeed, Dr. Richard Scott, who has a Ph.D. in clinical psychology and is a certified forensic examiner, further illustrates that Plaintiff's act of cutting is designed to elicit compliance with Plaintiff's demands. Dr. Scott clearly stated that Plaintiff "wants everything to be a negotiation." (Doc. 78, *Transcript of Evidentiary Hearing Cont'd Excerpt*, p. 26, line 23).

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Plaintiff contends that he suffers from several mis-diagnosed and untreated mental illnesses that cause Plaintiff to repeatedly cut himself (Doc. 69). According to Plaintiff, his addiction to cutting himself - at any cost - places Plaintiff in imminent danger of physical harm (Doc. 69).

However, Plaintiff's act of inflicting injury upon himself is a strategic tactic designed to obtain care, compassion, and attention from his jailers. Plaintiff, himself, states that he began cutting as a way to receive attention and that he cuts himself today for the same reason. The fact that Plaintiff refuses treatment of his wounds when it the treating staff member is not someone Plaintiff seeks attention from further illustrates that Plaintiff is engaged in strategic behavior. Plaintiff makes demands, threatens to cut himself, in a design to receive a certain response–compliance with the demand. Accordingly, this course of conduct is one chosen by Plaintiff and he could stop cutting himself if he so chose. Therefore, Plaintiff is not in imminent danger of serious physical injury

within the meaning of 28 U.S.C. § 1915(g).

Since Plaintiff has received three prior strikes within the meaning of 28 U.S.C. § 1915(g) (*See* Doc. 9) and because the Court finds Plaintiff is not in imminent danger, Plaintiff's application to proceed IFP is **DENIED.**

**IT IS SO ORDERED.**

**DATED**: October 3, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge